## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ERIC RICHTER<br>350 C Penn Street<br>Washington Boro, PA 17582 | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : | Case No. _____ |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : | JURY TRIAL DEMANDED |
| LANCASTER COUNTY MOTORS, INC.<br>5260 Main Street<br>East Petersburg, PA  17520 | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## CIVIL ACTION COMPLAINT

The Plaintiff, Eric Richter, by and through his undersigned counsel, files this Civil Action Complaint, and hereby avers as follows:

### I.      Introduction

1.      The Plaintiff initiates this action to seek redress against the Defendant, his former employer, for unlawful age discrimination pursuant to the Age Discrimination in Employment Act of 1967, and other applicable federal and state law.

### II.      The Parties

2.      The Plaintiff, Eric Richter, is an adult individual currently residing at the above address.

3.      The Defendant, Lancaster County Motors, Inc., is a corporation created and existing pursuant to the laws of the Commonwealth of Pennsylvania with a place of business at the above address.

4.     At all times relevant, the Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5.     The Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act because it is engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

### III.     Jurisdiction and Venue

6.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7.     The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8.     The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

9.     The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

10.     Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conducts business in this

judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (the Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

### IV.    Procedural and Administrative Remedies

11.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12.    The Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Age Discrimination in Employment Act as follows:

a.   On or about April 17, 2009, the Plaintiff filed a timely written charge of discrimination (No. 530-2009-02070) against the Defendant with the Philadelphia office of the Equal Employment Opportunity Commission alleging age discrimination;

b.   The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about March 11, 2010;

c.   The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

d.   The Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission and will amend his Complaint to include a claim under the Pennsylvania Human Relations Act upon the expiration of the applicable period for investigation.

13.    The Plaintiff has exhausted his federal and state administrative remedies as to the allegations of this Complaint.

### V.    Factual Background

14.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15.    The Plaintiff is forty-four (44) years old and with the class of persons protected by the Age Discrimination in Employment Act.

16.    The Plaintiff worked for the Defendant from March 19, 2007 to September 4, 2008 as a sales consultant.

17.    The Plaintiff's sales were always better than average and sometimes better than all of the other sales consultants.

18.    Beginning in August of 2008, the Defendant began to take away sales leads that should have gone to the Plaintiff.

19.    This was done intentionally so that the Plaintiff's sales could be kept to a low number, which would later be used to justify the Plaintiff's unlawful termination.

20.    In August of 2008, the Plaintiff witnessed Managers Barbara Bidding, Tony Seyfert and Frank Nolt interviewing twenty-three (23) year old Jordan Wissler.

21.    At that time, the Plaintiff was not yet aware that Wissler was being interviewed for the Plaintiff's position.

22.    On September 4, 2008, the Plaintiff was approached by Ryan Charleston, Business Development Manager.

23.    Charleston informed the Plaintiff that he was "let go."

24.    Seyfert later informed the Plaintiff that he was being terminated for "unsatisfactory performance."

25.    Prior to his termination, the Plaintiff never received any verbal or written warnings whatsoever regarding any alleged performance deficiencies. To the contrary, the Plaintiff was frequently told by management that he was doing an excellent job.

26.     The Plaintiff was pretextually terminated when in reality, his termination was a result of his age.

27.     Following his termination, the Plaintiff was replaced by Wissler, a twenty-three (23) year old, who is less experienced and less qualified than the Plaintiff.

28.     Additionally, the Plaintiff was not compensated for certain commissions he was owed at the time of his termination (the exact amount of which remains unknown and will require an accounting).

29.     The foregoing commissions have not been paid by the Defendant.

## Count I
## Age Discrimination in Employment Act

30.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

31.     The Plaintiff is over forty (40) years old, and is therefore in the class of persons protected by the Age Discrimination in Employment Act.

32.     In terminating and otherwise discriminating against the Plaintiff because of his age, and replacing him with a younger employee, the Defendant engaged in unlawful age discrimination against the Plaintiff.

33.     The foregoing conduct by the Defendant constitutes unlawful discrimination against the Plaintiff based on his age.

34.     As a result of the Defendant's unlawful conduct, the Plaintiff has suffered damages as set forth herein.

   *WHEREFORE*, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra.*

## Count II
## Violations of the Pennsylvania Wage Payment

**and Collection Law - 43 PA. C.S. § 260.1, *et seq.***

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     At all times relevant herein, the Plaintiff was an employee of the Defendant.

37.     At all times relevant herein, the Defendant was an "employer" as that term is defined in 43 P.S. § 260.2a.

38.     The monies owed to the Plaintiff were and are compensation due to the Plaintiff by reason of his employment.

39.     The monies owed to the Plaintiff are "wages" as that term is defined in 43 P.S. § 260.2a. in that they are earnings of an employee determined on time, task, piece, commission or other method of calculation or were fringe benefits or wage supplements payable by the Defendant.

40.     The Defendant's willful and deliberate failure to pay the Plaintiff the aforesaid wages is a violation of the Pennsylvania Wage Payment and Collection Law.

41.     Because the Defendant's failure to pay the Plaintiff was in bad faith, the Plaintiff is also entitled to claim a percentage of the total monies due to him, or the prescribed statutory amount (whichever is greater) as liquidated damages at the rate set forth in the Pennsylvania Wage Payment and Collection Law.

42.     Further, the Defendant is responsible for all attorneys' fees expended by the Plaintiff in his efforts to recover the monies properly due to him.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra.*

**_AD DAMNUM_ CLAUSE/PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that the Court enter judgment in his favor and against the Defendant and that it enter an Order as follows:

a.  The Defendant is to be permanently enjoined from discriminating against the Plaintiff on the basis of his age, and/or any basis prohibited under applicable federal and state law;

b.  The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their age, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.  The Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make the Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of the Defendant until the date of verdict;

d.  The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by the Defendant's actions;

e.  The Plaintiff is to be awarded double damages pursuant to 29 U.S.C. 626(b) for a willful violation of the Age Discrimination in Employment Act;

f.  The Plaintiff is to be awarded all unpaid wages due to him, as well as liquidated damages and attorneys' fees under the Pennsylvania Wage Payment and Collection Law;

g.  The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h.  The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i.  Any verdict in favor of the Plaintiff is to be judicially molded to provide the Plaintiff the maximum financial recovery in light of the damage caps set forth in 42 U.S.C. § 1981a, as mandated by the decision of the Third Circuit Court of Appeals in *Gagliardo v. Connaught Laboratories,* 311 F.3d 565, 570-71 (3rd Cir. 2002);

j.  That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

k.  The Plaintiff's claims against the Defendant are to receive a trial by jury to the extent allowed by applicable law.  The Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By:   /s/ Timothy M. Kolman, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
Adam C. Lease, Esquire
Attorneys for Plaintiff
414 Hulmeville Avenue
Penndel, PA  19047
(215) 750-3134

June 9, 2010